UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER/SNOW

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| BERNARD SMITH, | ) |
| Defendant. | ) |

### GOVERNMENT'S RESPONSE TO DEFENDANT BERNARD SMITH'S MOTION FOR BOND/MOTION FOR RECONSIDERATION OF PRETRIAL DETENTION ORDER BASED ON NEW EVIDENCE

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and files its response to the defendant, Bernard Smith's motion for bond/motion for reconsideration of pretrial detention order based on new evidence, and states as follows:

1. On June 15, 2000, a five count indictment was returned by a Federal Grand Jury in the Southern District of Florida charging eight individuals, including Defendant Bernard Smith, with narcotics violations. Defendant Smith is charged in Count One of the indictment. This indictment was subsequently superseded to reflect that from December 1996 through September 1999, Defendant Smith conspired with seven other individuals and with persons known and unknown to the Grand Jury to possess with intent to distribute in excess of five kilograms of cocaine.



2. On June 23, 2000, a pretrial detention hearing was held before United States Magistrate Judge Lurana S. Snow. At the conclusion of the hearing, Magistrate Judge Snow found that Defendant Smith posed a danger to the community and was a risk of flight. Consequently, Magistrate Judge Snow ordered Defendant Smith to be detained prior to trial. On June 27, 2000, Magistrate Judge Snow entered a written order explaining her reasons for granting the Government's request for pretrial detention as to Defendant Smith.

3. On August 29, 2000, Defendant Smith filed an Appeal from Order Granting Government's Motion for Pretrial Detention. This Appeal was denied by the Court on January 5, 2001.

4. On February 1, 2001, the Defendant filed the instant Motion, citing "new evidence" in support of his request for bond. Specifically, the Defendant relies upon the results of two polygraph examinations which he claims "tend to demonstrate [his] actual innocence."

5. The Defendant's Motion should be denied in its entirety. The Defendant has already had a full detention hearing at which Magistrate Judge Snow concluded that he posed both a danger to the community and a risk of flight. The Defendant's responses to narrow and one-sided polygraph examinations do not constitute sufficient grounds to warrant that the Defendant be released on bond.

## MEMORANDUM

In support of the instant Motion, Defendant Smith relies upon two polygraph examinations allegedly taken at the Federal Detention Center on January 24, 2001. For the following reasons, the Government submits that the polygraph examinations are not credible and clearly do not provide an adequate basis for this Court to reverse its earlier rulings and release the

Defendant on bond.

First, as previously noted, the Defendant was detained as both a risk of flight and danger to the community. The same concerns that prompted Magistrate Judge Snow to make these findings have not been alleviated by the Defendant's responses to three questions on a polygraph administered by his own examiner. Specifically, at the hearing, the Government established that the Defendant had shown a propensity for using false identification, including aliases and false Social Security Numbers (Tr.1:9). Further, the Government advised the Court that Defendant Smith's arrest record included false identifications and false Social Security Numbers which were given to law enforcement at the time of his arrests (Tr.1:61-62). Moreover, the Government noted that based upon the amount of cocaine involved in the conspiracy, the defendants, including Defendant Smith, are facing terms of imprisonment in the 235-293 month range (Tr.1:4). With respect to danger to the community, the Government relied upon the facts of the instant case, including the fact that some individuals had received veiled threats from the organization, the length of incarceration Defendant Smith is potentially facing, as well as the rebuttable presumption.

In denying the Defendant's request for pretrial release, Magistrate Judge Snow concluded that, although there had been criticism by defense counsel about the strength of the Government's case, "5,000 wiretap conversations is quite a bit of evidence, in addition to everything else that the Government proffered" (Tr:1:62-63). The Court concluded that Defendant Smith clearly constituted a danger to the community and that flight risk was established by the amount of time he was facing and the utilization of other names.

Second, the Defendant's reliance upon the polygraph results is misplaced. Polygraph

3

evidence may be admissible at trial where there is a stipulation in advance of the polygraph as to the circumstances of the exam and the scope of its admissibility or where the evidence is being used for impeachment or corroboration. *United States v. Piccinonna*, 885 F.2d 1529, 1536 (11th Cir. 1989). In this case, there is no stipulation regarding either the circumstances or scope of the polygraph. Moreover, at this point in time, there is no testimony by the Defendant to corroborate, so the evidence cannot be considered either for impeachment or corroboration. Thus, under *Piccinonna*, the results are simply not admissible.

Further, with respect to the polygraph questions themselves, neither the form nor the substance of these questions, nor the Defendant's responses thereto, has any effect on the Government's theory of its case as established at the detention hearing. The polygraph examination was administered by an examiner of the Defendant's own choosing, who asked questions of a very limited nature. As established at the detention hearing, the indictment is based upon source information, information obtained from cooperating individuals, surveillance and approximately 10,000 intercepted telephone conversations. None of the three polygraph questions even attempted to address the substance of any of this evidence against the Defendant.

WHEREFORE, the Government respectfully requests that the Defendant's motion for bond/motion for reconsideration of pretrial detention order based on new evidence be denied in its entirety.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *(signature)*

KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 100765
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255, ext. 3512
Fax: (954) 356-7336

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 14th day of February, 2001, to: Richard Diaz, Esquire, 2701 Southwest 3rd Avenue, Miami, Florida 33129-2335.

*(signature)*

KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY

5