UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER/SNOW

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BERNARD SMITH, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## GOVERNMENT'S MOTION FOR IMPOSITION OF NEBBIA REQUIREMENT AND STAY OF DEFENDANT'S RELEASE

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and files its motion for the imposition of a *Nebbia* requirement as a condition of bond, and for a stay of the defendant's release pending his satisfaction of the *Nebbia* requirement, and in support thereof states as follows:

1. On June 15, 2000, a five count indictment was returned by a Federal Grand Jury in the Southern District of Florida charging eight individuals, including Defendant Bernard Smith, with narcotics violations. Defendant Smith is charged in Count One of the indictment. This indictment was subsequently superseded to reflect that from December 1996 through September 1999, Defendant Smith conspired with seven other individuals and with persons known and unknown to the Grand Jury to possess with intent to distribute in excess of five kilograms of cocaine.



2. On April 12, 2001, the Court granted the defendant's motion for reconsideration of pretrial detention based upon new evidence and ordered that the defendant be released on a $200,000 corporate surety bond. While the Court did impose a number of standard conditions on the bond, the Court did not require a *Nebbia* condition as is ordinarily required in narcotics cases. *See United States v. Nebbia*, 357 F.2d 303 (2nd Cir. 1966).

3. The defendant is one of the leaders of a narcotics organization which operated out of the South Florida area. Source information, as well as information from a number of wiretap interceptions and law enforcement surveillance, has revealed that the defendants, including the defendant Bernard Smith, profited enormously from their criminal activity over the course of the conspiracy. In order to assure that the funds being used for security on the corporate surety bond are not the proceeds of illegal activity, the government would respectfully request that the Court impose a *Nebbia* requirement on the corporate surety bond, and that the defendant's release be stayed pending the satisfaction of this *Nebbia* requirement.

4. The Government has attempted to confer with counsel for the defendant regarding his position on this motion, but was unable to do so as Mr. Diaz is currently in trial.

WHEREFORE, the Government respectfully requests that the Court impose a *Nebbia* requirement on the corporate surety bond in this case, and would further request that the defendant's release be stayed pending satisfaction of this requirement.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 100765
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255, ext. 3512
Fax: (954) 356-7336

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by facsimile and United States mail this 13th day of April, 2001, to: Richard Diaz, Esquire, 2701 Southwest 3rd Avenue, Miami, Florida 33129-2335.

_____
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY

3