

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 00-6162-Cr-Roettger

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BERNARD SMITH, et al.

    Defendants.
_____/

### DEFENDANT, BERNARD SMITH'S SUPPLEMENT TO HIS MOTION FOR PRETRIAL DETERMINATION REGARDING THE ADMISSABILITY OF POLYGRAPH EVIDENCE AND REQUEST FOR HEARING

COMES NOW, Defendant, **BERNARD SMITH**, by and through his undersigned counsel, and files his Supplement to His Motion for Pretrial Determination Regarding the Admissibility of Polygraph Evidence and Request for Hearing and states as follows:

1. On April 12, 2001 this Court conducted a hearing on Bernard Smith's above captioned motion. Undersigned counsel was not available because he was in a federal criminal trial before U.S. District Curt Judge James Lawrence Kind in Miami-Dade County,



Florida and therefore sent his associate, Jacqueline Salcines, to cover the hearing.

2. Since the government did not file a formal response to the motion, undersigned counsel had no way of knowing in advance that the government would argue facts as opposed to simply Eleventh Circuit law regarding admissibility of polygraph (scientific and expert) evidence in a federal criminal trial.

3. Undersigned counsel learned that at the hearing, government counsel accused undersigned counsel of not having complied with the threshold steps of U.S. v. Piccinonna, 885 F. 2d 1529 (11th Cir. 1989). From a factual standpoint, associate Salcines was not aware of all of the actions of undersigned counsel and therefore was not able to fully articulate to the Court a response to the government's "surprise attack" on the motion at this hearing.

4. Undersigned counsel submits that on October 24, 2000 while in court for a status conference in the instant case, undersigned counsel personally hand-delivered a copy of the October 16, 2000 polygraph report personally and directly into the hands of AUSA, Kathleen Rice. In response to receiving this report, AUSA, Kathleen Rice, rebuffed at same and said in words or substance, "I'm not impressed with polygraphs."

5. Within the next two months, undersigned counsel had a couple of telephone conversations with AUSA, Kathleen Rice wherein undersigned counsel was told by AUSA, Kathleen Rice that the October 16, 2000 polygraph (in words or substance) "was too narrow" and that "the government has other evidence against your client not addressed by the polygraph questions in the report." To this, undersigned counsel welcomed AUSA, Kathleen Rice to disclose "the precise evidence" so that Bernard Smith "could challenge it by another and new polygraph examination." AUSA, Kathleen Rice, (in words or substance) said: "I am not prepared to do that." Again, undersigned counsel challenged the government to the occasion, which was rebuked by AUSA, Kathleen Rice.

6. At that time, it became apparent to undersigned counsel that any offer to the government to follow the steps of Piccinonna would be futile.

7. Following this conversation, undersigned counsel had Bernard Smith polygraphed on much broader questions (in order to challenge AUSA, Kathleen Rice's assertions that the first polygraph set of questions were to narrow.) Not surprisingly, Bernard Smith passed the second exam with flying colors.

8. Following this, undersigned counsel wrote a letter to AUSA, Kathleen Rice on February 5, 2001, regarding Bernard Smith's

intentions of using both polygraph examination results at trial. In that letter, undersigned counsel said, "thus, you have a reasonable chance and time to have your own polygraph test by an expert the same questions already posed." This letter was a clear invitation for the government to review the polygraph examination results the polygraph examiner's curriculum vitae and submit Bernard Smith to another polygraph examination with its own expert polygrapher. A copy of the February 5, 2001 letter is attached hereto as Defendant's Exhibit "A". The government failed and refused to respond to this letter, which, we most respectfully submit constitutes a waiver of the government's belated objection. The government never responded to the invitation, never accepted the invitation and never filed a formal response to the motion itself.

9.  The government's claim that it was not aware of the qualifications of our polygraph expert is belied by the contents of the December 13, 2000 correspondence. Nevertheless, a copy of the curriculum vitae, of John Adams is attached hereto as Defendant's Exhibit "B").

## CONCLUSION

10. The government has refused to participate in the defense polygrapher examination questions, has snubbed the results from those given to Bernard Smith by his own expert, has failed to accept Bernard Smith's invitation to participate in any polygraph

examination or questions, has failed to provide Bernard Smith with potential polygraph questions, has failed to reach out to undersigned counsel to have Bernard Smith polygraphed by another polygraph expert (selected by the government). What is absolutely incomprehensible is how despite this, the government objects to the admission of such evidence. The government cannot have it both ways-not participate as invited by Piccinonna and then object when the polygraph results demonstrate actual innocence. Stated in the most non-lawyer like language, "what is the government afraid of the truth?"

Respectfully submitted,

Richard J. Diaz
F.B.N. 0767697
2701 S.W. 3rd Avenue
Miami, FL 33129
Telephone: (305) 285-1122
Facsimile: (305) 285-0354

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this **20th** day of April 2001 to Assistant U.S. Attorney Kathleen Rice, 500 E. Broward Blvd., Seventh Floor, Ft. Lauderdale, FL 33394,

Richard J. Diaz, Esq.

LAW OFFICES OF

# RICHARD J. DIAZ, P.A.

RICHARD J. DIAZ
ANA M. SANTISTEBAN

2701 SOUTHWEST 3RD AVENUE
MIAMI, FLORIDA 33129-2335

(305) 285-1122
FAX (305) 285-0354

February 5, 2001

Kathleen Rice, Esquire
Assistant U.S. Attorney
500 E. Broward Boulevard
7th Floor
Ft. Lauderdale, FL 33394

Re:   U.S.A. v. Bernard Smith

Dear Kathleen:

In accordance with, U.S. v. Piccinonna, 885 F. 2d 1529 (11th Cir. 1989), and its progeny, this letter advises you that Bernard Smith plans to use polygraph evidence at trial and expert testimony in support thereof. Thus, you have a reasonable chance and time to have your own polygraph test administered by an expert covering the same questions already posed.

Enclosed please find the cv for our expert. He will testify that in his opinion Bernard Smith's answers to the two prior polygraph examinations were truthful. The basis for his opinion will be his interpretation of the polygrams. He will testify about the polygraph examination technique, how it works, what physical reactions it measures, the machine he used and its acceptance for reliability in the scientific community. Of course, he will testify about his qualifications and training as disclosed by his cv.

Very truly yours,

Richard J. Diaz, Esquire

RJD:mo

DEFENDANT'S
EXHIBIT
"A"

**Curriculum Vitae**
for
John C. Adams, Jr.
2001

## Offices

| Interview and Testing | Business Office |
|---|---|
| 666 N.E. 125th Street, Suite 231 | 945 N.E. 121st Street |
| North Miami, Florida 33161 | North Miami, Florida 33161 |
| Phone: (305) 895-6611 | E-Mail: jadams07@bellsouth.net |
| FAX (305) 893-4074 | Cell Phone: (305) 613-7239 |

## Experience

ADAMS AND ASSOCIATES
North Miami, Florida

- Is a Private Investigation Agency, licensed by the State of Florida, specializing in polygraph testing and other investigations. The license numbers are A9600316 and C9300499. Adams and Associates has been in business offering polygraph services since 1983 and in 1996, expanded its business to include private investigations. There are presently two other persons associated with the agency: one is a private investigator, also licensed by the State of Florida, and the other is a retired, military intelligence polygraph examiner.

## Skills

- Since 1983, have conducted over ten thousand polygraph tests for private corporations and attorneys.

- From 1995 to 1999, was under contract with Miami-Dade County (Public Works Dept., Transit Dept., the Seaport and Corrections Dept.), conducting pre-employment and specific polygraph tests and other investigations.

- Have appeared numerous times in court for polygraph tests given for defense attorneys in the Eleventh Judicial Circuit of Florida and have conducted many polygraph tests in Dade and Broward County jails.

- Have conducted pre-employment interviews, security interviews, computer database investigations, and corporate investigations for theft problems



DEFENDANT'S EXHIBIT "15"

-2- John C. Adams, Jr.

### Education

- Barry University, Miami Shores, Florida, 1985, with a B.S. in Pre-Law and Professional Studies.

- National Polygraph Institute, Miami, Florida, 1982, with 252 hours of training in polygraph instrumentation, physiology, law and psychology. Following this, a one-year internship with a licensed polygraph examiner was completed in order to receive a State of Florida license to conduct polygraph tests. (Polygraph Instrument Ultra Scribe Model-#2122 all Electronic-analog.)

- Florida International University, North Miami, Florida, 1992. received a certificate in Personnel Administration.

### Affiliations

- American Polygraph Association, since 1983, by successfully passing a stringent test. In 1985, became a full member, which is the highest qualification in the polygraph profession.

- National Association of Investigative Specialists, since 1995.

- Greater North Miami Chamber of Commerce, since 1993.