UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

BERNARD SMITH, et al.,

       Defendants.

_____/

Case No.: 00-6162-CR-ROETTGER

**ORDER**

FILED by _____ D.C.

JUN 2  2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**THIS CAUSE** is before the Court upon Defendant Bernard Smith's Motion for the admissibility of polygraph evidence. Defendant Bernard Smith is charged with conspiracy to possess with intent to distribute cocaine. According to the government, Bernard Smith helped run a drug organization with his twin brother, Barry Smith, by employing drug couriers to transport cocaine from South Florida to Northern Florida, Georgia, and North Carolina. On October 16, 2000 and January 24, 2001, Bernard Smith underwent a polygraph examination administered by John C. Adams, Jr. of John Adams & Associates. According to Mr. Adams, Bernard Smith showed no signs of deception when he answered "no" to the following three questions on January 24, 2001.[1]

1. From 1996 to 2000, did you ever agree with anybody to participate in the transportation, sale or distribution of cocaine?

2. From 1996 to 2000, did you knowingly participate in the transportation of cocaine?

---

[1] The Court case file does not contain a polygraph report from the October 16, 2000 polygraph test.



    3.    From 1996 to 2000, did you help your brother, Barry Smith or anyone distribute cocaine?

The government was then notified of the results of the examination. In a letter from defendant's counsel to the government dated February 5, 2001, Bernard Smith offered to be reexamined by the government's expert. At this time, the government has not taken up Bernard Smith's offer.

On February 15, 2001, Bernard Smith filed a motion for pretrial determination regarding the admissibility of the polygraph evidence and a request for a hearing. A hearing was held on April 10, 2001 where counsel for the defendant and government presented argument. The government's argument was based largely on defendant's failure to comply with United States v. Piccinonna, 885 F.2d 1529 (11th Cir. 1989). After the hearing, Bernard Smith filed a supplement to his motion for pretrial determination regarding the admissibility of polygraph evidence.

In United States v. Piccinonna, the Eleventh Circuit articulated two circumstances in which a Court may, in its discretion, admit polygraph evidence: where the parties stipulate in advance, or where the evidence is offered to impeach or corroborate the testimony of a witness. 885 F.2d at 1536. With no stipulation by the parties to the polygraph examination, Bernard Smith seeks to admit the polygraph evidence to corroborate his testimony regarding his knowledge of the drug conspiracy. A court may admit such corroboration evidence when the following three conditions are satisfied: (1) the proponent provides adequate

notice to the opposing party; (2) the proponent provides the opposing party with reasonable opportunity to administer a polygraph test; and (3) the polygraph evidence is admissible under the Federal Rules of Evidence. See Piccinonna I, 885 F.2d at 1536-37.

Even if the Court assumed that Bernard Smith satisfied the three prerequisites to the admission of the polygraph testimony for the purpose of corroborating his trial testimony, the Court finds the polygraph evidence inadmissible under Federal Rules of Evidence 403. The Court excludes the polygraph evidence under Federal Rule of Evidence 403 because its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

The Court would expect extensive testimony over the qualifications of the examiner, the appropriateness of the particular technique used by the examiner, the accuracy of the examiner's interpretation of the results, and the appropriateness of the conditions under which the examination was administered. In properly educating the jury on these issues, "the amount of time needed to present the evidence would shift the focus of [the] criminal trial from determining guilt or innocence to determining the validity of the scientific method at issue." United States v. Gilliard, 133 F.3d 809, 815 (11th Cir. 1998).

Therefore, the Court finds that the time required to present evidence pertaining to Bernard Smith Polygraph

substantially outweigh the slight probative value of the polygraph evidence. Upon consideration of the motion, arguments of counsel at the April 10, 2001 hearing, and the record in this cause, it is

**ORDERED AND ADJUDGED** that Defendant Bernard Smith's Motion for the admissibility of polygraph evidence is hereby **DENIED**. Defendant and his counsel are prohibited from offering into evidence the results of the polygraph examination. The attorneys are directed to take appropriate action to assure that witnesses familiar with the polygraph examination and its results do not mention or make reference to the examination.

**DONE AND ORDERED** this  21  day of   June  , 2001.

NORMAN C. ROETTGER
**UNITED STATES DISTRICT COURT JUDGE**

cc: counsel of record