UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER/SNOW

UNITED STATES OF AMERICA )
)
)
)
v. )
)
BARRY SMITH, a/k/a "Scar," )
et al., )
)
Defendants. )
)
_____)



**GOVERNMENT'S EIGHTH SUPPLEMENTAL**
**RESPONSE TO THE STANDING DISCOVERY ORDER**

The United States hereby files this eighth supplemental response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10. response to the Standing Discovery Order.

> C. Included in the cocaine which was attributed to Jose Reyes in his North Carolina conviction was the cocaine which forms the basis for Count II of the Second Superseding Indictment in this case.
>
> D. In addition to the sums paid to Ancel Pratt by the Federal Bureau of Investigation (as set forth in the government's seventh supplemental response to the standing discovery order), Mr. Pratt received $1,825 from the Hollywood Police



Department (for the period September 1998 through August 1999) and $1,825 from the Broward Sheriff's Office (for the period November 1997 through August 1999) for his assistance in this investigation.

E. Attached is a copy of the remaining felony conviction for Timothy Wimberly.

H. The government is hereby providing notice pursuant to Federal Rule of Evidence 404(b) of its intent to offer testimony and evidence that on or about August 29, 1999, Bernard Smith attempted to deliver multiple pounds of marijuana to Sam Jones, via Alex Rainey, in Ocala, Florida. Jones was supposed to sell the marijuana for Bernard Smith. *The delivery did not occur because Victor Boyd was in the area.* Rainey did, however, bring back drug proceeds from the sale of cocaine to Bernard Smith from Sam Jones. This incident is discussed in the telephone call number 2791 between Alex Rainey and Bernard Smith. This call has previously been provided to all defendants. Cooperating defendant Sam Jones will testify as to the remaining facts.

The attachments to this response have not been filed with the Court. The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
KATHLEEN RICE
Assistant United States Attorney
Florida Bar No. 100765
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255, ext. 3512
Fax: (954) 356-7336

cc: Special Agent Andrew W. Thompson, FBI

2

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was served by facsimile and by express mail this ___21___ day of August, 2001, to: Randee Golder, Esquire, 10026 Lexington Circle, North, Boynton Beach, Florida 33436.

KATHLEEN RICE
Assistant United States Attorney

3